IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-CR-129 |
| | ) | |
| CHARLES CHAD BOZEMAN, III, | ) | (VARLAN/SHIRLEY) |
| THOMAS RAY BRIGHT, | ) | |
| AUSTIN FREDERICK BUSHA, | ) | |
| DUSTIN TYLER KOONS, | ) | |
| RONALD TYLER KOONS, | ) | |
| TOMAS MOORE, a/k/a | ) | |
| "COLT MOORE," | ) | |
| JERRICA DANIELLE MORTON, | ) | |
| KELSEY MORTON, | ) | |
| ASIM QURESHI, | ) | |
| MICHAEL ANGELA POWERS, | ) | |
| ASHLEY ELIZABETH SING, | ) | |
| TARA WALLIN, and | ) | |
| BRANDON WHALEY. | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on December 6, 2011, for a scheduled pretrial conference and motion hearing on the following motions: Defendant Busha's Motion to Continue Trial and to Establish New Deadlines [Doc. 88], Defendant Jerrica Danielle Morton's Motion to File Motion One-Day-Out-of-Time [Doc. 93], Defendant Thomas Ray Bright's Motion to Continue [Doc. 95], Defendant Branden Whaley's Motion to Continue Trial [Doc. 116], and

1

Defendant Tara Wallin's Motion for Continuance [Doc. 117]. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the Government. The following defense counsel were present, along with their clients: Attorneys Wade V. Davies and Anne E. Passino, representing Defendant Charles Chad Bozeman, III, Attorney Paula R. Voss, representing Defendant Thomas Ray Bright, Attorney Norman D. McKellar, representing Defendant Austin Frederick Busha, Attorney Gerald L. Gulley, Jr., representing Defendant Dustin Tyler Koons, Attorney Michael B. Coleman, representing Defendant Ronald Tyler Koons, Attorney Angela Morelock, representing Defendant Tomas Moore, Attorney John E. Eldridge, representing Defendant Jerrica Danielle Morton, Attorney Julie A. Rice, representing Defendant Kelsey Morton, Attorneys Tasha C. Blakney and Troy S. Weston, representing Defendant Asim Qureshi, Attorney Douglas A. Trant, representing Defendant Michael Angela Powers, Attorney Russell T. Greene, representing Defendant Ashley Elizabeth Sing, and Attorney Michael B. Menefee, representing Defendant Branden Whaley. Attorney David H. Dupree appeared on behalf of Defendant Tara Wallin, who is released on conditions and was not present.

As an initial matter, the Court took up Defendant Jerrica Danielle Morton's Motion to File Motion One-Day-Out-of-Time [Doc. 93] during the hearing. The Government had no objection to the motion, and in fact, has already responded [Doc. 104] to the Motion to Suppress [92], which the Defendant filed a day late. Accordingly, the Court **GRANTED** the motion **[Doc. 93]** from the bench at the December 6 hearing.

Next, the Court addressed the four motions to continue the December 19, 2011 trial date. Defendant Whaley asks [Doc. 116] to continue the trial because he was not arraigned until the latter part of October, and he needs additional time to investigate related state charges and to prepare

2

for trial. Defendant Bright [Doc. 95] asks that the trial be continued to give him additional time to negotiate with the Government and possibly enter into a plea agreement. Defendant Busha [Doc. 88] requests a continuance because he was not arraigned until October 28, 2011, as the last to defendant to initially appear before this Court, and he needs additional time to investigate the claims against him and his possible defenses. Defendant Busha further requests an extension of the motion-filing deadline, as he anticipates receiving additional discovery in this matter. Defendant Busha's motion also states that counsel has spoken with the Government, and the Government indicated that it does not object to a continuance of the motion-filing deadline in this case. Defendant Wallin's motion [Doc. 117] states that her investigation is ongoing and that she continues to obtain documents pertinent to her case at this time. Defendant Wallin also asserts that she needs additional time to negotiate a possible plea with the Government.

The motions for Defendants Whaley, Bright, and Wallin each state that they understand their speedy trial rights and that all the time between the filing of their motions and the new trial will be excludable. At the December 6 hearing, the attorneys for each of the indicted co-defendants, who were present, save Defendant Bozeman, stated that the Defendants understand their speedy trial rights with regard to this extension, and each Defendant confirmed that understanding. Further, each attorney stated that they believe the extension to be in the best interest of the Defendants. Each Defendant was questioned by the Court, and each expressed a full understanding of the reason for the requested continuance and further requested that the case be continued. Attorney Dupree represented that he had explained Defendant Wallin's speedy trial rights to her and

that she is aware of the requested continuance and the reasons for it.[1]  Defendants Busha, Dustin Tyler Koons, Ronald Tyler Koons, Moore, Powers, Sing, and Whaley further indicated that they understand that they will remain in custody pending the new trial date.  The Government did not oppose the continuance of either the trial date or the motion-filing deadline.  The parties agreed to a new trial date of July 17, 2012.

Defendant Bozeman filed a Response to Motions to Continue [Doc. 118], reiterating that he requests [Doc. 90] that his case be severed from that of his co-defendants and objecting to any continuance on the grounds that a co-defendant requests additional time in order to reach a plea agreement with the Government.  Defendant Bozeman additionally requests that the plea agreement deadline, presently set as December 6, 2011, be extended.  At the hearing, Attorney Davies, counsel for Defendant Bozeman, stated that he is willing to go to trial on the current December 19 trial date and that he maintains that his case should be severed for trial.  The Government argued that Defendant Bozeman had presented no valid reason to be severed for trial.

The Court finds the motions to continue the December 19, 2011 trial date to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).  This case arises out of a single-count Indictment [Doc. 54], charging thirteen defendants.  The Indictment alleges that all thirteen defendants conspired to distribute and possess with intent to distribute oxycodone from November 2010, until June 2011.  The Court notes that several of the Defendants have filed motions

---

[1]The Court instructed Attorney Dupree to file an affidavit on behalf of Defendant Wallin after the hearing, indicating that she understands the requested continuance, understands her speedy trial rights with regard to the requested continuance, and that she wishes the trial of this matter to be continued.

on which the Court must hear argument. At least one of these pending motions, Defendant Jerrica Danielle Morton's Motion to Suppress [Doc. 92], will require this Court to issue a report and recommendation as to its disposition. At this time, the Court sets a motion hearing for February 13, 2012, at 1:00 p.m. Following the motion hearing, the Court will need time, not to exceed thirty days, to file its order and in the case of a suppression or dispositive motion, to file a report and recommendation. 18 U.S.C. §3161(h)(1)(H). Upon the filing of the report, the parties will need time to file any objections, and the District Court will need time to rule upon the motions in light of the report and any objections. The parties will then still need time to prepare for trial in light of the Court's rulings. Moreover, the Court finds that the Defendants, particularly Defendant Busha, in light of his late initial appearance and the request in his present motion, require additional time to file pretrial motions. The Government will need time to respond to any motions that are filed, some of which may require a report and recommendation.

The Court finds that all of this cannot take place before the current trial date. Based upon the number of defendants involved in this case and the number of currently pending and forthcoming motions, the Court finds that the Defendants could not be ready for trial by December 19, 2011, or in less than seven months. Thus, the Court finds that the failure to grant a continuance would deprive counsel for the Defendants of the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Additionally, the Court notes that excluded from the speedy trial calculation is a "reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. §

5

3161(h)(6).[2]  Under this provision, time excludable as to one defendant is excludable to all co-defendants.  United States v. Holyfield, 802 F.2d 846, 847-48 (6th Cir. 1986).  Unlike some periods of delay automatically excluded by the Act, delay caused by joinder with a co-defendant must be reasonable.  Henderson v. United States, 476 U.S. 321, 327 (1986).  In assessing the reasonableness of delay attributed to co-defendants, courts should be guided by the policies supporting the enactment of section 3161(h)(6) (formerly 3161(h)(7)):

> The legislative history of this section demonstrates a strong Congressional preference for joint trials and an intention that delays attributable to the joinder of defendants be liberally excluded. Further, the purpose of this section is to insure that the Speedy Trial Act does not alter the present rules governing severance of co-defendants by forcing the government to prosecute the defendants separately or be subject to a speedy trial dismissal motion.

United States v. Monroe, 833 F.2d 95, 100 (6th Cir. 1987) (citations omitted).  In other words, Congress expressly favored the goals of efficiency and economy resulting from multi-defendant trials despite the loss of speed that would result from a severance.  See id.

In the present case, Defendant Bozeman stands indicted with the other twelve defendants.  Defendant Bozeman objects to the requested continuance to the extent that his co-defendants' requests are based on needing additional time to reach plea deals with the Government.  Further, Defendant Bozeman contends that if the Court grants his severance motion, the trial continuance as related to his co-defendants will not apply to him.  The Court has yet to hear argument on either the Motion to Sever Mr. Bozeman's Case from Twelve Co-Defendants' Cases [Doc. 90], or Defendant Asim Qureshi's Motion to Sever His Case From the Other Twelve Co-

---

[2]Section 3161(h)(6) was formerly numbered 18 U.S.C. § 3161(h)(7).  Congress renumbered this section, effective October 2008, without changing its language.

Defendants [Doc. 98]. At the December 6 hearing, the Court scheduled the February 13, 2012 motion hearing to hear both of those motions, as well as the other motions pending in this case. The Court declines to rule on the severance motions prior to hearing argument on them.

The Court has already found that a continuance of the December 19, 2011 trial date was necessary to give counsel for Defendant Busha, and possibly others, to file additional pretrial motions, and for the Court to consider evidence and argument and issue rulings on the motions currently pending in this case. Moreover, the Defendants will need time to prepare their defenses for trial after the ruling on the motions are received. For these reasons, the Court finds that the seven-month delay in trial attributable to Defendants Busha, Bright, Whaley, and Wallin is reasonable. Accordingly, this delay is also attributable to the remaining nine Defendants, including Defendant Bozeman. See 18 U.S.C. § 3161(h)(6). The Court's ruling that the motions to continue the trial date are well-taken is not based in any way on the assertions of several co-defendants that they are continuing to negotiate possible pleas with the Government at this time.

Accordingly, the motions to continue the trial [**Docs. 88, 95, 116, and 117**] are **GRANTED**, and the trial of this matter is reset to **July 17, 2012**. The Court also finds that all of the time between the December 6, 2011 hearing and the new trial date of July 17, 2012, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(6) & -(7)(A)-(B). The Court extends the motion-filing deadline in this case to **January 13, 2012**, with responses due on or before **February 3, 2012**. A motion hearing on all pretrial motions then-pending will take place before this Court on **February 13, 2012, at 1:00 p.m.** A new plea negotiation deadline is set for **June 18, 2012**. Finally, the Court instructs the parties that all motions *in limine* must be filed no later than **July 2, 2012**. Special requests for jury instructions shall be

submitted to the District Court no later than **July 6, 2012**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

    Accordingly, it is **ORDERED**:

(1) The Defendants' motions to continue the trial [**Docs. 88, 95, 116, and 117**] are **GRANTED**;

(2) The trial of this matter is reset to commence on **July 17, 2012, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the **December 6, 2011** hearing, and the new trial date of **July 17, 2012**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) A new motion-filing deadline is set for **January 13, 2012**, with responses due on or before **February 3, 2012**;

(5) A motion hearing on any motions then-pending is set for **February 13, 2012, at 1:00 p.m.**;

(6) Defendant Jerrica Danielle Morton's Motion to File Motion One-Day-Out-of-Time **[Doc. 93]** is **GRANTED**;

(7) Motions *in limine* must be filed on or before **July 2, 2012**; and

(8) Special requests for jury instructions must be submitted to the District Court by **July 6, 2012**.

**IT IS SO ORDERED.**

    ENTER:

    s/ C. Clifford Shirley, Jr.
    United States Magistrate Judge