IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. )        No. 3:11-CR-129
)
CHARLES CHAD BOZEMAN, III, and )        (VARLAN/SHIRLEY)
ASIM QURESHI, )
)
Defendants. )

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28

U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District

Court as may be appropriate. The Indictment [Doc. 54] charges Defendants Bozeman and Qureshi,

eleven named codefendants, and "others" with conspiring to distribute and to possess with intent to

distribute oxycodone in the Eastern District of Tennessee and "elsewhere," from November 2010

through June 2011. This case came before the Court on February 13, 2012, for a scheduled pretrial

conference and motion hearing on the following motions:

> (1) Motion for Pre-trial Ruling on Lesser-included Offenses [Doc.
> 89], filed on November 8, 2011, by Defendant Bozeman;
>
> (2) Motion to Sever Mr. Bozeman's Case from Twelve Co-
> defendants' Cases [Doc. 90], filed on November 8, 2011;
>
> (3) Motion for Disclosure of Statements of Co-Defendants and Other
> Alleged Co-conspirators and Motion for Hearing to Determine the
> Admissibility of any Such Statements [Doc. 91], filed on November
> 8, 2011, by Defendant Bozeman;

(4) Defendant Ashim Qureshi's Motion for a Bill of Particulars [Doc. 96], filed on November 21, 2011;

(5) Defendant Ashim Qureshi's Motion to Sever his Case from the Other Twelve Codefendants [Doc. 98], filed on November 21, 2011;

(6) Defendant Ashim Qureshi's Motion for Disclosure of Co-defendant's Statements and Other Co-conspirators' Statements and to Determine Whether Those Statements are Admissible [Doc. 100], filed on November 21, 2011;

(7) Defendant Ashim Qureshi's Motion for Pretrial Notice of Government's Intent to Use Evidence [Doc. 102], filed on November 21, 2011; and

(8) Defendant Ashim Qureshi's Motion for Pretrial Notice of Government's Intent to Use Evidence Pursuant to Fed. R. Evid. 404(b), 608, and/or 609 [Doc. 103], filed on November 21, 2011.

The Court will address each of these motions in turn.

# I. ANALYSIS

Defendants Bozeman and Qureshi bring eight non-dispositive, pretrial motions before the Court, requesting a bill of particulars, severance, pretrial notice and hearings, and certain jury instructions.

## A. Bill of Particulars [Doc. 96]

Defendant Qureshi moves the Court to order the Government to file a bill of particulars identifying (1) the people who participated in the conspiracy and (2) Defendant Qureshi's conduct that is alleged to violate 21 U.S.C. § 841(a)(1). He argues that a bill of particulars is necessary in this case because the Indictment states no particular conduct of his that violated the statute. In this regard, Defendant Qureshi contends that the Indictment does not permit him to

prepare a defense or avoid surprise without knowing his alleged role in the conspiracy and fails to protect him from a future double jeopardy violation. He asserts that the alleged conspiracy extends over seven months, involves thirteen named defendants, and undisclosed "others." He maintains that with some co-conspirators remaining unnamed, his counsel cannot determine who might have relevant information about the charge. The Government opposes a bill of particulars, arguing that the Indictment contains the essential elements of the offense, tracks the language of the statute, and cites the statute, leaving no doubt as to the offense with which the def is charged.

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). As a general rule, an indictment passes constitutional muster if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." <u>Hamling v. United States</u>, 418 U.S. 87, 117 (1974); <u>United States v. Landham</u>, 251 F.3d 1072, 1079 (6th Cir. 2001) (quoting <u>Hamling</u>). An indictment may allege the charges using the words of the statute itself as long as it gives all the elements of the offense "'fully, directly, and expressly[.]'" <u>Hamling</u>, 418 U.S. at 117 (quoting <u>United States v. Carll</u>, 105 U.S. 611, 612 (1882)); <u>Landham</u>, 251 F.3d at 1079. Moreover, the statutory language "'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" <u>Hamling</u>, 418 U.S. at 117-18 (quoting <u>United States v. Hess</u>, 124 U.S. 483, 487(1888)); <u>Landham</u>, 251 F.3d at 1079.

Federal Rule of Criminal Procedure 7(f) states that

[t]he court may direct the government to file a bill of

> particulars. The defendant may move for a bill of
> particulars before or within 10 days after arraignment
> or at a later time if the court permits. The government
> may amend a bill of particulars subject to such
> conditions as justice requires.

"A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993). The granting of a bill of particulars is within the court's discretion. See id. (holding that the appellate court reviews the denial of a bill of particulars for an abuse of discretion). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. Id. Additionally, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991), superseded on other gnds by stat., United States v. Caseslorente, 220 F.3d 727 (6th Cir. 2000) (on sentencing issue).


*(1) Unidentified Co-conspirators*

Defendant Qureshi asks the Court to order the Government to particularize the language "and others" in the Indictment. He contends that without a list of the unindicted co-conspirators, counsel cannot determine who might have relevant information about the charge. At the February 13 hearing, counsel argued that the Defendant's lack of knowledge of who is involved in the conspiracy prevents him from raising a Double Jeopardy defense if he is charged in a conspiracy with one of the unnamed co-conspirators in the future. The Government responds that

4

the Defendant is essentially requesting a list of the Government's witnesses, to which he is not entitled.

At the hearing, AUSA Davidson stated that the Government had disclosed in discovery copies of prescriptions involved in this case. She stated that those individuals named in the prescriptions could have been charged in this case. According to the Government, the people named in the prescriptions and those with whom Defendant Qureshi dealt "on the distribution end" comprised the bulk of those involved in the conspiracy.

The Sixth Circuit has spoken to this issue and held that Government is not required to furnish in a bill of particulars the names of co-conspirators or other persons present when the Defendant allegedly participated in the conspiracy. United States v. Rey, 923 F.2d 1217, 1222 (6th Cir. 1991). In this respect,

> [a] defendant may be indicted and convicted despite the names of his co-conspirators remaining unknown, as long as the government presents evidence to establish an agreement between two or more persons, a prerequisite to obtaining a conspiracy conviction. As long as the indictment is valid, contains the elements of the offense, and gives notice to the defendant of the charges against him, it is not essential that a conspirator know all other conspirators. "It is the grand jury's statement of the 'existence of the conspiracy agreement rather than the identity of those who agree' which places the defendant on notice of the charge he must be prepared to meet."

Id. (citations omitted). Thus, the Government is not required to reveal the names of unindicted co-conspirators. United States v. Crayton, 357 F.3d 560, 568 (6th Cir. 2004). Nor is it obliged to reveal a list of its witnesses. See United States v. McCullah, 745 F.2d 350, 353 (6th Cir. 1984) (holding that the Sixth Circuit "has firmly established that defense counsel is not entitled to know in advance of trial

who will testify for the government").

In the instant case, the Court finds that Defendant Qureshi was given the names of those persons the Government claims are involved in this case in the form of copies of prescriptions. The Government has also further circumscribed the potential witness pool by stating that the persons with whom the Defendant worked in allegedly distributing the oxycodone could also have been charged in this case. The Court finds that the Government has given the Defendant sufficient information to permit him to craft a defense, avoid surprise, and plead a bar to a future double jeopardy violation.

*(2) Overt Acts*

Defendant Qureshi also asks the Court to order the Government to particularize his role in the alleged conspiracy. He contends that he cannot prepare his defense to the conspiracy charge because neither the indictment, nor the discovery provided by the Government, reveals his role. At the February 13 hearing, Attorney Westin stated that he had no idea as to the Defendant's alleged involvement in the conspiracy or the quantity of controlled substances involved. The Government responds that it is not required to prove, much less charge, an overt act in furtherance of the conspiracy.

At the hearing, AUSA Davidson stated that the Government had discussed the case with defense counsel and that counsel, thus, was aware of the Government's theory of how the Defendant was involved in the conspiracy. Additionally, she contended that although the Defendant could add the amounts of oxycodone on the disclosed prescriptions, the amount is 16,000 30-milliliter oxycodone pills. Mr. Westin acknowledged that counsel had been in private discussions

with the Government about this case and that he had a "very incomplete idea" of the Defendant's alleged involvement in the conspiracy. He argued that the Government could not be limited by what it disclosed in private conversations.

The Court observes that "a defendant is not entitled to discover all the overt acts that might be proven at trial." <u>Salisbury</u>, 983 F.2d at 1375. A request for a bill of particulars likewise may not be granted if the purpose "is to obtain a list of the Government's witnesses or to discover all of the overt acts that might be proven at trial." <u>United States v. Musick</u>, 291 F. App'x 706, 724 (6th Cir. 2008). With respect to a conspiracy charged under 21 U.S.C. § 846, "'an overt act need be neither charged nor proved[.]'" <u>United States v. Dempsey</u>, 733 F.2d 392, 396 (6th Cir. 1984) (quoting <u>United States v. Umentum</u>, 547 F.2d 987, 991 (7th Cir. 1976)). Accordingly, because there is no requirement that the Government charge an overt act in a drug conspiracy under § 846, there is likewise no need to particularize an indictment that fails to do so. Moreover, in this case, the Government has provided copies of prescriptions in discovery, thereby disclosing the transactions alleged and the names of persons involved. Additionally, the Government has discussed its theory of the case with defense counsel and has named the quantity of oxycodone involved in the case at the hearing. The Court believes that the Defendant has knowledge of the details of his involvement from the discovery and counsel's discussions with the Government sufficient to prepare a defense and avoid surprise at trial. Accordingly, Defendant Asim Qureshi's Motion for a Bill of Particulars [**Doc. 96**] is **DENIED**.

## B. Severance [Docs. 90 & 98]

Both Defendants ask the Court [Docs. 90 & 98] to sever them pursuant to Rule 14,

Federal Rule of Criminal Procedure, for a separate trial from all other codefendants to avoid prejudice. Both Defendants argue that they will be prejudiced by a joint trial because (1) the statements of codefendants may cause <u>Bruton</u> problems for them and (2) the possibility of inconsistent defenses exists given the number of defendants in this case. Defendant Bozeman also objects to a joint trial because (3) he may want to call a codefendant to testify and (4) his speedy trial rights may be violated by being joined to codefendants who are seeking extensions of deadlines/trial continuances. Defendant Qureshi argues that a joint trial will prejudice him because (5) the jury may improperly consider evidence relating to other codefendants against him.

The Government responds [Docs. 105 & 121] that the Defendants are properly joined in this case and have failed to carry the heavy burden of showing that severance is necessary. It argues that severance would unnecessarily waste judicial resources and that no <u>Bruton</u> issues exist in this case. Finally, the Government argues that the Defendants have failed to show any actual and specific prejudice they would incur in relation to their remaining claims.

Rule 8(b) provides that two or more defendants may be charged

> in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). In the present case, the Court finds that the Defendants were properly joined in the same indictment because they are alleged to have participated in the same act or series of transactions, i.e., a conspiracy to distribute or possess with intent to distribute oxycodone. <u>See</u> <u>United States v. Smith</u>, 197 F.3d 225, 230 (6th Cir. 1999) (observing that "[t]he general rule in

conspiracy cases is that persons indicted together should be tried together"); see, e.g., United States v. Welch, 97 F.3d 142, 147-48 (6th Cir. 1996) (affirming denial of severance where defendant only named in three of twenty-nine counts stemming from a conspiracy to sell cocaine), cert. denied, 519 U.S. 1134 (1997).  Joinder of defendants promotes judicial economy because there is almost always common evidence against the joined defendants.  United States v. Phibbs, 999. F.2d 1053, 1067 (6th Cir. 1993).  In the instant case, the Court finds that the Defendants, having been jointly indicted for conspiracy, are properly joined.

Rule 14 permits severance of properly joined counts, if the joinder "appears to prejudice a defendant or the government."  Fed. R. Crim. P. 14.  In assessing the propriety of severance under Rule 14, the Court must balance the public's interest in avoiding multiple trials with the defendant's interest in a fair trial.  United States v. Wirsing, 719 F.2d 859, 864-65 (6th Cir. 1983).  As a general rule, severance should be granted only if a defendant can show "substantial," "undue," or "compelling" prejudice.  United States v. Warner, 971 F.2d 1189, 1196 (6th Cir. 1992) (quoting tests from other Sixth Circuit cases).  In light of the preference for joint trials, when joinder is proper under Rule 8, a court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  Zafiro v. United States, 506 U.S. 534, 539 (1993).

*(1) Bruton Issue*

Both Defendants argue that joinder is prejudicial to them because of potential Bruton problems. Defendants Bozeman and Qureshi state that they presently have no information that the other codefendants have accused them in a statement.  They both request the production of any

statements made by codefendants or other unnamed co-conspirators in order to evaluate whether these statements are prejudicial. The Government responds that it does not foresee any <u>Bruton</u> issues with regard to these Defendants. Instead, it intends to use the testimony of co-conspirators, whom the Defendants may cross-examine at trial. Moreover, the Government states that any codefendant statements that it would use could be adequately redacted to alleviate any <u>Bruton</u> concerns.

At the February 13 hearing, the Defendants argued that they did not have the facts necessary to determine whether a <u>Bruton</u> problem exists because the Government has not disclosed the co-conspirators' statements. The Government stated that at that time, it knew of no codefendant statements that it would use against Defendants Bozeman or Qureshi. Additionally, it stated that it would provide any statements three weeks before trial in order to allow time for motions *in limine* regarding any necessary redactions.

The Supreme Court has held that the admission of a codefendant's confession, which also inculpates the defendant, in their joint trial violates the confrontation right of the defendant even if the trial court gives a limiting instruction directing the jury to consider the confession only with respect to the confessing codefendant. <u>Bruton v. United States</u>, 391 U.S. 123, 127 (1968). In <u>Richardson v. Marsh</u>, 481 U.S. 200, 208 (1987), the Court limited <u>Bruton</u> by upholding the introduction of a codefendant's statement, which was not facially incriminating to the defendant, even though the codefendant's statement became incriminating to the defendant when linked to other evidence presented at trial. The "Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when, . . . the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." <u>Id.</u> at 211.

In this case, the Court finds that the Defendants' concerns about potential statements that might be used and might not be subject to redaction are premature. The Government has stated that it does not envision using co-conspirator statements and that if any are used, they would be redacted. As discussed in section C. below, the Court orders the Government to disclose any co-conspirator statements that it intends to use at trial ***three weeks*** before trial. The Defendants may then file motions raising specific objections to any statements to which they are unable to agree upon redactions. At this juncture, the mere specter of co-conspirator statements presents neither a <u>Bruton</u> issue or a reason to sever the Defendants for separate trials from that of the other codefendants.

*(2) Inconsistent Defenses*

The Defendants also briefly argue that a joint trial could prejudice them if their codefendants presented inconsistent defenses. The Government responds that the Defendants have offered no support for this contention, much less shown undue or compelling prejudice stemming from inconsistent defenses. The United States Supreme Court has held that "mutually antagonistic defenses are not prejudicial *per se*." <u>Zafiro</u>, 506 U.S. at 538. Instead, the defendant has the "'burden of showing specific and compelling prejudice resulting from a joint trial which can be rectified only by separate trials.'" <u>Smith</u>, 197 F.3d at 230 (quoting <u>United States v. Davis</u>, 809 F.2d 1194, 1207 (6th Cir. 1987)). The Court finds that the Defendants have failed to carry that burden because they have not alleged the conflicting defenses that will be used or demonstrated that the only alternative in the face of such defenses is a separate trial.

*(3) Testimony of a Codefendant*

Defendant Bozeman also summarily alleges that he may want to call a codefendant to testify on his behalf, which he could not do at a joint trial without the codefendant presumably asserting his or her Fifth Amendment right to not incriminate him or herself. The Sixth Circuit has established a "stringent test" for the Court to use when "ruling on a motion for severance in order to obtain a codefendant's testimony":

> The defendant "must demonstrate: (1) a bona fide need for the testimony, (2) the substance of the testimony, (3) its exculpatory nature and effect, and (4) that the codefendant will in fact testify if the cases are severed."

United States v. Causey, 834 F.2d 1277, 1287 (6th Cir. 1987) (quoting United States v. Butler, 611 F.2d 1066, 1071 (5th Cir.), cert. denied 449 U.S. 830 (1980)). The appellate court has affirmed the denial of severance when defendants failed to meet this test. United States v. Cobleigh, 75 F.3d 242, 248 (6th Cir. 1996) (analyzing the defendants' argument that they "were entitled to separate trials because a varying array of their codefendants would have presented some generic 'substantially exculpatory testimony' at a separate trial"). Defendant Bozeman has met none of these four prongs. Accordingly, Defendant Bozeman's contention that he might be unable to call a codefendant to testify on his behalf is not a reason to sever Defendant Bozeman for a separate trial.


*(4) Speedy Trial Violation*

Defendant Bozeman also alleges that he is prejudiced by a joint trial because the delays in trial caused by codefendants seeking extensions of deadlines and trial continuances would violate his right to a speedy trial. "The Sixth Amendment to the United States Constitution

guarantees, in pertinent part, that '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial.'" United States v. Brown, 169 F.3d 344, 348 (6th Cir. 1999) (quoting U.S. Const. amend VI). The Speedy Trial Act, 18 U.S.C. § 3161 et seq, was enacted to protect both the criminal defendant's right to a speedy trial and the public's interest in prompt adjudication of criminal matters. United States v. Moss, 217 F.3d 426, 432 (6th Cir. 2000); see also United States v. Turner, 602 F.3d 778, 783 (6th Cir. 2010) (observing that "[u]nlike many rights, the rights protected by the Speedy Trial Act belong not just to the defendant, but also to the public at large").

The Speedy Trial Act contemplates that not every criminal case will be completed within the seventy days provided by the Act and expressly sets out "periods of delay" that are excluded from that seventy-day time frame. 18 U.S.C. §3161(h). Among these is "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. §3161(h)(6). The Speedy Trial Act also provides that the Court may grant an "ends of justice" continuance when "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. §3161(h)(7)(B)(ii).

In the present case, the Court continued [Doc. 122] the trial of the instant case from December 19, 2011, to July 17, 2012, at the request of some of the codefendants and over Defendant Bozeman's objection. At that time, the Court found that the continuance was necessary to permit defendants who had more recently entered the case to complete their review of discovery, file pretrial motions, and prepare for trial. The Court also found a trial continuance was necessary in order to

13

hear and rule upon the pretrial motions filed by defendants, including Defendant Bozeman. Finally, the Court found that the ends of justice served by granting the continuance outweighed the interests of the defendants and the public in a speedy trial. At present, the case remains on track to proceed to trial on July 17. The Court finds that a speedy trial violation does not exist at this point and that the potential for a speedy trial violation is not a valid basis for severance at this juncture.

*(5) Spillover Effect*

Defendant Qureshi asks the Court to sever him for a separate trial from that of his codefendants so that the jury will not be "improperly influenced by the cumulative impact of the evidence against the other defendants and/or the trial strategies employed by those defendants." [Doc. 99, p.3] In this regard, Defendant Qureshi contends that none of the information provided by the Government in discovery mentions him nor tends to incriminate him.

The Sixth Circuit has held that "a jury is presumed capable of sorting out evidence and considering each count and each defendant separately." United States v. Swift, 809 F.2d 320, 323 (6th Cir. 1987) (affirming joint trial of defendants when much of the evidence was admissible against all defendants and trial court instructed jury to give each defendant separate consideration). Thus, for a defendant to establish substantial prejudice from a "spillover" of evidence, he must show that the jury will not be able to separate and treat as distinct the evidence relating to each count or defendant. United States v. Murphy 836 F.2d 248, 256 (6th Cir. 1988); United States v. Moore, 917 F.2d 215, 220 (6th Cir. 1990) (examining failure to sever defendants). Disparities in the quality or quantity of evidence relating to counts or defendants does not, alone, require a severance. United States v. Hang Le-Thy Tran, 433 F.3d 472, 478 (6th Cir. 2006) (examining failure to sever arson

counts); <u>Moore</u>, 917 F.2d at 220 (holding that "a defendant is not entitled to a severance simply because the evidence against a co-defendant is far more damaging than the evidence against him"). The defendant must still show that differences in the "quantum" of evidence relating to separate counts or defendants creates a "'substantial risk that the jury could not compartmentalize or distinguish between the evidence' produced" as to each count or defendant. <u>Hang Le-Thy Tran</u>, 433 F.3d at 478 (quoting <u>United States v. Williams</u>, 711 F.2d 748, 751 (6th Cir. 1983)).

In the present case, the Court finds that Defendant Qureshi has given no reason that jury would be unable to distinguish between the roles of the various defendants in the alleged conspiracy. Moreover, the trial court can instruct the jury to consider the evidence relating to each defendant separately. Accordingly, the Court finds that Defendant Qureshi has failed to show substantial or compelling prejudice will arise from a joint trial of all thirteen defendants.

Because the thirteen codefendants are properly joined for trial and the Defendants have not shown substantial, undue, or compelling prejudice will result from a joint trial, the Defendants' motions to be severed [**Docs. 90 and 98**] are **DENIED**.

## C. Pretrial Notice and Hearings [Docs. 91, 100, 102, & 103]

The Defendants bring four motions relating to the Government's provision of pretrial notice of certain evidence that it intends to use at trial and for a pretrial hearing on the admissibility of co-conspirator statements.

*(1) Pretrial Notice of Government's Intent to Use Evidence at Trial*

Pursuant to Federal Rule of Criminal Procedure 12(b)(4)(B), Defendant Qureshi

moves the Court [Doc. 102] to order the Government to provide notice of the evidence that it intends

to use in its case-in-chief at trial. The Defendant argues that because the 177 pages of discovery fail

to mention him, counsel does not know what evidence the Government might seek to use against

him and cannot draft motions to suppress or motions *in limine*. The Defendant requests that this

information be provided as soon as practicable but at least twenty days before trial. The Government

opposes [Doc. 121] the Defendant's request, contending that the Defendant was provided sufficient

information in discovery to allow him to prepare a suppression motion and none was forthcoming

by the deadline imposed by the Court.

At the February 13 hearing, defense counsel argued that the purpose of Rule

12(b)(4)(B) is to permit defendants to craft appropriate challenges to evidence. He agreed that in

this case, the Defendant did not give a statement and that no evidence was gleaned from a search

relating to the Defendant. The Government asserted that it had complied with Federal Rule of

Criminal Procedure 16 and that the Defendant could discern any evidence that might be the subject

of a suppression motion from this discovery.

Rule 12(b)(4)(B) (formerly, Rule 12(d)) of the Federal Rules of Criminal Procedure

requires the government, upon request of the defendant, to give notice to the defendant of the

government's intent to use certain evidence at trial. The rule is limited in scope. By its own terms,

it is limited to evidence the defendant would be entitled to discover under Rule 16, Federal Rules

of Criminal Procedure. It also explicitly limits disclosure to evidence the government intends to use

in its case-in-chief. Furthermore, this "provision contemplates motions filed in preparation for actual

or potential motions to suppress evidence." United States v. Lanier, 578 F.2d 1246, 1254 (8th Cir.

1978).

Rule 12(b)(4)(B) is not designed nor intended to be used to obtain more specific discovery than that provided by Rule 16. See id. Rather, Rule 12(b)(4)(B) is intended to facilitate the making of pretrial suppression motions by allowing the defendant to avoid filing a motion to suppress when the government does not intend to use the evidence. Thus, to the extent that a defendant does object to certain evidence, and/or plans to file a motion to suppress certain evidence, the government, in response to a Rule 12(b)(4)(B) request, should give notice of whether it intends to use that specific evidence in its case-in-chief.[1] In the instant case, there does not appear to be any suppressible evidence with regard to Defendant Qureshi. Moreover, Rule 12(b)(4)(B) is not designed to permit a defendant to challenge the admissibility of evidence generally. Fed. R. Crim. P. 12(b)(4)(B); United States v. Ishak, 277 F.R.D. 156, 158 (E.D. Va. 2011) (holding that requests under Rule 12(b)(4)(B) are limited to information necessary to file a suppression motion, not to permit the defendant to prepare a defense). Accordingly, Defendant Asim Qureshi's Motion for Pretrial Notice of Government's Intent to Use Evidence [**Doc. 102**] is **DENIED**.

*(2) Pretrial Notice of Intent to Use Evidence under Federal Rules of Evidence 404(b), 608, & 609*

Defendant Qureshi also moves [Doc. 103] the Court to order the Government to provide notice of the following, at least twenty days before trial, so that counsel will have time to prepare motions *in limine* by the deadline established by the Court: (1) Evidence of other crimes,

---

[1]The Court notes that the government is not required to wait for the defendant's request before notifying the defendant of evidence it intends to use in its case-in-chief. See Fed. R. Crim. P. 12(b)(4)(A). In cases involving evidence, which likely or typically implicates a suppression issue (e.g., evidence obtained in searches, the defendant's statements, intercepted communications, etc.), the government is encouraged to take the initiative to disclose its intent to use such evidence in its case-in-chief pursuant to 12(b)(4)(A) before a 12(b)(4)(B) request is made.

wrongs, or acts under Rule 404(b), Federal Rules of Evidence, and (2) any opinion or reputation evidence under Rules 608 or 609, Federal Rules of Evidence. The Government opposes [Doc. 121] the motion. It contends that it will give notice of any 404(b) evidence that it intends to use seven days before trial, as required by this Court's Order on Discovery and Scheduling [Doc. ], and that the Defendant gives no legally sufficient reason for needing twenty days. Secondly, the Government argues that it is not required to provide notice of evidence falling under Rules 608 or 609, nor can it do so as a practical matter, because the Defendant has not disclosed his witnesses.

At the February 13 hearing, the Government argued that lengthening the notice requirement for providing Rule 404(b) evidence would only increase the amount of litigation on Rule 404(b) issues. AUSA Davidson stated that the District Judges almost always reserved ruling on 404(b) issues until they heard the matter in the context of the other evidence at trial, and thus, notice given seven days before trial was adequate.

Rule 404(b) provides that upon the defendant's request, the government "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). This Court's Order on Discovery and Scheduling [Doc. 72, para. I] states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court notes otherwise. The deadline for filing motions *in limine* in this case is presently set for July 2, 2012 [see Doc. 122], which is fifteen days before the July 17, 2012 trial date. Thus, as noted by the Defendant, he will not receive notice of the Government's intent to use Rule 404(b)-type evidence until after the deadline for filing motions *in limine* as passed.

The Court finds the expiration of the motion *in limine* deadline to be a valid reason

for modification of the Government's deadline for providing notice of Rule 404(b) evidence. The Court does not find that giving earlier notice to defendants will increase litigation but, instead, finds that requiring notice of 404(b) evidence prior to the motion *in limine* deadline will have the salutary effect of giving the District Judge pretrial notice of whatever 404(b) evidence defendants will inevitably decide to challenge and the opportunity to decide the issue before trial. On the other hand, because the majority of 404(b) issues must be decided within the context of the trial, the Court finds no need to extend the notice time period to twenty days. Instead, the Court finds that in this case, the deadline for the Government to provide notice to ***all defendants*** of the general nature of any Rule 404(b)-type evidence it intends to introduce at trial will be **fifteen days before trial**, which under the current trial setting is July 2, 2012. The deadline for ***all defendants*** to file **motions *in limine* relating to Rule 404(b) evidence** is **July 9, 2012**, which is eight days before the current trial date. All other motions *in limine* not relating to 404(b) evidence must be filed on or before the **July 2, 2012** deadline.

Rule 608 of the Federal Rules of Evidence permits a party to challenge the credibility of a witness by introducing evidence of the witness's reputation for truthfulness or untruthfulness. Rule 609 outlines the circumstances under which a witness may be impeached by evidence of a criminal conviction. Neither of these rules requires the Government to give pretrial notice that it intends to use this type of evidence, except that it must give notice of an intent to use a conviction that is over ten years old. See Fed. R. Evid. 608, 609(b). Nor do the Federal Rules of Criminal Procedure require the Government to disclose the information at issue. See Fed. R. Crim. P. 12, 16. Accordingly, the Court finds that the Defendant's request that the Government give notice of Rule 608 and 609 evidence twenty days before trial is not well taken. Moreover, the Court agrees with

the parties that the admissibility of any impeachment evidence under Rules 608 and 609 cannot be assessed until such evidence is offered in the context of the testimony at trial. Thus, this request must be denied. If the admissibility of impeachment evidence becomes an issue at trial, the parties shall advise the District Court, so that the admissibility of the proposed evidence can be determined at that juncture.

Accordingly, Defendant Asim Qureshi's Motion for Pretrial Notice of the Government's Intent to Use Evidence Pursuant to Fed. R. Evid. 404(b), 608, and/or 609 [**Doc. 103**] is **GRANTED in part** in that the Government must give notice of the general nature of any Rule 404(b)-type evidence it intends to use at trial against any defendant **fifteen days** before trial. The motion is **DENIED in all other respects**. The deadline for **all defendants** to file motions *in limine* relating to Rule 404(b)-type of evidence is **July 9, 2012**. All other motions *in limine* must be filed by **July 2, 2012**.

*(3) Disclosure of Statements and <u>Enright</u> Hearing*

Both Defendants ask [Docs. 91 & 100] the Court to require the Government to disclose the statements of codefendants and co-conspirators before trial and to hold a pretrial hearing on the admissibility of these statements. They argue that a pretrial hearing is preferable in this case to protect against unfair prejudice from the introduction of inadmissible hearsay at trial and to insure the Defendants' rights to a fair trial, confrontation, and due process. The Defendants assert that the prejudice stemming from this violation of their Sixth Amendment rights likely cannot be assuaged by a curative instruction to the jury and will require the District Court to declare a mistrial. The Government opposes [Docs. 113 & 121] the Defendants' request for a pretrial hearing on the

existence of the conspiracy as unduly burdensome and a waste of judicial resources. It views the Defendants' request for a pretrial hearing as an effort to obtain discovery beyond that permitted by Rule 16 of the Federal Rules of Criminal Procedure. The Government asks the Court to follow the traditional practice in this district and to permit it to present the co-conspirator statements subject to a later demonstration of their admissibility by a preponderance of the evidence.

The Federal Rules of Evidence require that for a statement of a co-conspirator to be admissible non-hearsay, the statement must be made "during the course and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). The Sixth Circuit has approved three potential procedures for resolving the admissibility of alleged co-conspirator statements: (1) holding a pretrial hearing, (2) requiring at trial that the government present evidence of the conspiracy before presenting the co-conspirator's statement, and (3) allowing the government to present the statement before proving the conspiracy at trial but instructing the jury that the government must prove the conspiracy before it can consider the statement. United States v. Vinson, 606 F.2d 149, 152-53 (6th Cir. 1979) (citing United States v. Enright, 579 F.2d 980 (6th Cir. 1978)). The Defendants ask for the pretrial or Enright hearing listed in option number. The Court observes, and the parties agree, that it is the historical practice in this district to use the third of these options, which the Court will refer to as the provisional admission option. While acknowledging this historical practice, the Defendants argue that a pretrial hearing is the most efficient way to protect their confrontation rights.

Our Court of Appeals for the Sixth Circuit has observed that pretrial Enright hearings have the disadvantage of being "burdensome, time-consuming and uneconomic." Vinson, 606 F.2d at 152 (footnote omitted). Nevertheless, "a trial judge, in the exercise of his discretion, may choose to order the proof in this manner if the circumstances warrant." Id. The decision of which of the

Vinson options to use falls squarely within the district judge's sound discretion.  United States v. Robinson, 390 F.3d 853, 867 (6th Cir. 2004) (stating the decision is "the trial court's prerogative").  A change from the historical method is not warranted when the proponents of the pretrial hearing offer only "general and vague objections" that "demonstrate no specific prejudice" resulting from the use of the provisional admission option.  United States v. Martin, No. 3:07-CR-51, 2008 WL 152900, at *3 (E.D. Tenn. Jan. 14, 2008).  The Defendants argue that in this case, the specific prejudice is violation of their right to confront witnesses, if the Government is ultimately not able to prove the existence of the conspiracy.  They contend that such a violation cannot be cured with a limiting instruction and that the result will be a mistrial.

"In Crawford[ v. Washington, 541 U.S. 36, 40 (2004)], the Supreme Court announced a new standard for assessing whether hearsay statements, otherwise admissible under principles of evidence, violate the mandate of the Confrontation Clause."  United States v. Mooneyham, 473 F.3d 280, 286 (6th Cir. 2007).  With regard to "testimonial statements," which are those statements that the declarant should have anticipated would be used to investigate or prosecute a crime, United States v. Cromer, 389 F.3d 662, 675 (6th Cir. 2004), only confrontation in the form of cross-examination will fulfill the defendant's Sixth Amendment right.  Crawford, 541 U.S. at 68-69.  Following Crawford, the Sixth Circuit continues to recognize that the admission of co-conspirator statements does not violate the Confrontation Clause, because "a reasonable person in the position of a co-conspirator making a statement in the course and furtherance of a conspiracy would not anticipate his statements being used against the accused in investigating and prosecuting the crime." United States v. Martinez, 430 F.3d 317, 329 (6th Cir. 2005).  Thus, the Court declines to find that the Supreme Court's decision in Crawford has significantly altered the assessment of the efficiency

and judiciousness of the provisional admission option.

Moreover, the Sixth Circuit has contemplated that a mistrial may be the ultimate result of the provisional admission of co-conspirator statements: "If, [after provisionally admitting the statements at issue], the court finds that the government has failed to carry its burden [of proving all the elements of Rule 801(d)(2)(E)], it should, on defendant's motion, declare a mistrial unless convinced that a cautionary jury instruction would shield the defendant from prejudice." Vinson, 606 F.2d at 153. Thus, the fact that a mistrial could be the ultimate result is not a "prejudice" specific to these Defendants or this case but exists every time the provisional admission method is employed.

Finally, at the February 13 hearing, the Government stated that it did not foresee using any statements of codefendants against Defendant Qureshi in this case. With regard to both Defendants, AUSA Davidson stated that the Government was obligated to turn over any co-conspirator statements pursuant to the Jencks Act. Although not required to disclose these statements until after the witness testifies on direct examination, AUSA Davidson stated that she would provide any statements of codefendants three weeks before trial so that the Defendants would have them in time to file motions *in limine*. Thus, the Court finds that the Government has agreed to pretrial disclosure of statements, at least with respect to the statements of codefendants. The Court **ORDERS** that the Government disclose any statements of named codefendants and any statements of unindicted co-conspirators that the Government seeks to introduce under Federal Rule of Evidence 801(d)(2)(E) three weeks prior to trial. On the other hand, the Court finds that the Defendants have not shown that the provisional admission option will cause them some prejudice unique to this case. The Defendants are free to ask the District Judge, by way of a motion *in limine*,

to consider alternative methods of handling co-conspirator statements, such as the parties provision of trial briefs on the admissibility of co-conspirator statements.

The Court has considered the Defendants' arguments and finds no reason to depart from the traditional provisional admission approach in this case. Because the Defendants' motion relates directly to trial procedures and/or the admissibility of evidence at trial, the Court defers to the historical practice of the District Court to permit the Government to present the statement before proving the conspiracy and then instructing the jury that the Government must prove the conspiracy before it can consider the statement. Accordingly, the Defendants' motions for pretrial disclosure of co-conspirator statements and for a pretrial hearing on their inadmissibility [**Docs. 91 & 100**] are **GRANTED in part** in that the Government must disclose any statements of co-conspirators that it intends to use at trial three weeks prior to the trial and is **DENIED in all other respects**.

## Jury Instructions [Doc. 89]

Defendant Bozeman requests that the following four offenses be charged as lesser included offenses of conspiracy to distribute or possess with intent to distribute oxycodone: (1) intentionally acquiring "a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge," 21 U.S.C. § 843(a)(3), (2) simple possession of a controlled substance, 21 U.S.C. § 844, (3) conspiracy to acquire a controlled substance by fraud, and (4) conspiracy to possess a controlled substance. Defendant Bozeman contends that knowing whether these offenses may be charged as lesser included offenses is important to his decision of whether to proceed to trial or to enter into a plea agreement. The Government argues that the first three requested offenses are not lesser included offenses of the charged offense because they contain an element not required by the charged

offense. It asserts that while conspiracy to possess a controlled substance can be a lesser included offense of conspiracy to distribute or possess with intent to distribute a controlled substance, the propriety of this instruction cannot be determined before trial. The Court agrees with the Government.

"A criminal defendant is entitled to an instruction on a lesser-included-offense if: (1) a proper request is made; (2) the elements of the lesser offense are identical to part of the elements of the greater offense; (3) the evidence would support a conviction on the lesser offense; and (4) the proof on the element or elements differentiating the two crimes is sufficiently disputed so that a jury could consistently acquit on the greater offense and convict on the lesser." United States v, Colon, 268 F.3d 367, 373 (6the Cir. 2001). "Where, however, the lesser offense requires an element not required for the greater offense, no instruction is to be given." Id. at 374 (citing Schmuck v. United States, 489 U.S. 705, 716 (1989)). Applying this test, the Court finds that acquiring a controlled substance by fraud, simple possession, and conspiracy to acquire a controlled substance by fraud are not lesser included offenses of conspiracy to distribute or possess with the intent to distribute.

In order to assess whether there is an identity of elements as required in step two of the test, the Court looks to the statutory elements of the offenses. Id. at 375. "[T]o establish a drug conspiracy, the government must prove (1) an agreement to violate drug laws, (2) knowledge and intent to join the conspiracy, and (3) participation in the conspiracy. Id. Section 843(a)(3), on the other hand, are provides that it is "unlawful for any person knowingly or intentionally . . . to acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge[.]" "[S]imple possession, requires: (1) knowingly or intentionally, (2) possessing, (3) a controlled substance." Colon, 268 F.3d at 375. The Sixth Circuit has found that simple possession

requires an element not necessary for a conspiracy conviction, that of "possession":

> [The defendant] did not have to distribute or possess any cocaine to be guilty of the conspiracy. He was only required to agree with someone to commit one of those crimes. The essential element of conspiracy is that "members of the conspiracy in some way or manner, or through some contrivance, came to a mutual understanding to try to accomplish a common and unlawful plan". <u>United States v. Pearce</u>, 912 F.2d 159, 161 (6th Cir.1990)[.]

<u>Id.</u> Thus, the Sixth Circuit "hold[s] that simple possession is not a lesser-included offense of conspiracy to distribute and possess with intent to distribute." <u>Id.</u> at 376; <u>United States v, Cruz</u>, 270 F. App'x 393, 397 (6th Cir. 2008). The same analysis applies to the section 843(a)(3) offense, which also requires "possession." <u>See</u> <u>United States v. Walker</u>, 972 F.2d 679, 681 (6th Cir. 1992) (rejecting the Government's theory that possession of a prescription for a controlled substance is constructive possession of that substance and holding that "[b]ecause a prescription by itself does not entitle its holder to unconditional access to the drugs prescribed, a prescription is not tantamount to possession"). Accordingly, Sections 843(a)(3) and 844 are not lesser included offenses of conspiracy to distribute.

Moreover, conspiracy to obtain controlled substances by fraud is not a lesser included offense of conspiracy to distribute or to possess with the intent to distribute, because the former contains the additional element of "misrepresentation, fraud, forgery, deception, or subterfuge." Because section 843(a)(3) requires this extra element, it cannot be a lesser included offense. <u>Colon</u>, 268 F.3d at 374. Although the Defendant points to <u>United States v. Cooper</u>, in which the appellate court affirmed the sufficiency of the evidence of a conviction for conspiracy to obtain possession of a prescription drug by fraud, which was charged as a lesser included offense of conspiracy to

distribute prescription drugs, the court did not address the propriety of charging a section 843(a)(3) violation as a lesser included offense. See 868 F.2d 1505, 1521 (6th Cir. 1989). Accordingly, Cooper does not change this Court's analysis with regard to charging conspiracy to violate section 843(a)(3) in this case.

At the February 13 hearing, the Government conceded that conspiracy to possess a controlled substance can be a lesser included offense of conspiracy to distribute or possess with intent to distribute in some circumstances. However, the Government argued that whether it is a lesser included offense in this case cannot be determined out of the context of the presentation of the evidence at trial because both the third and the fourth prongs of the test require knowledge of the proof.

In his motion, the Defendant agrees that "'inquiry into whether an offense is a lesser included charge is bound to the facts of the case . . . .'" United States v. Dudeck, 657 F.3d 424, 431 (6the Cir. 2011)." [Doc. 89, p.2] At the hearing, the Defendant argued that little dispute exists over the facts in this case. He stated that the Government's case turns upon allegedly forged prescriptions for oxycodone. Defense counsel proposed to provide one of the prescriptions in question so the Court could make a determination of whether a jury instruction on the lesser included offense was appropriate. AUSA Davidson argued that while the Government does contend that the Defendant forged prescriptions in order to obtain oxycodone to sell, it also maintains that Defendant Bozeman engaged in the conspiracy in other ways as well.

The Court finds that the parties have not stipulated to the facts  and that the full compliment of the proof cannot be divined from the Court's examination of a single, allegedly forged prescription. Accordingly, the Court concludes that the question of whether conspiracy to

possess a controlled substance is a lesser included offense of conspiracy to distribute or possess with intent to distribute is premature and can only be determined by the District Judge at trial. For the foregoing reasons, Defendant Bozeman's Motion for Pre-trial Ruling on Lesser-Included Offenses [**Doc. 89**] is **DENIED in part** in that simple possession, acquiring controlled substances by fraud, and conspiracy to acquire controlled substances by fraud are not lesser included offenses of conspiracy to distribute or possess with intent to distribute. The remainder of the motion–the question of whether conspiracy to possess a controlled substance is a lesser included offense of conspiracy to distribute or possess with intent to distribute, is **DEFERRED** to United States District Judge Thomas A. Varlan for his determination before or during trial as he deems fitting.

## III. CONCLUSION

After reviewing the parties briefs and arguments and the relevant case law, the Court rules as follows:

(1) Defendant Bozeman's Motion for Pre-trial Ruling on Lesser-included Offenses [**Doc. 89**] is **DENIED in part** and **DEFERRED in part** as set forth above;

(2) Defendant Bozeman's Motion to Sever Mr. Bozeman's Case from Twelve Co-defendants' Cases [**Doc. 90**] is **DENIED**;

(3) Defendant Bozeman's Motion for Disclosure of Statements of Co-defendants and Other Alleged Co-conspirators and Motion for Hearing to Determine the Admissibility of Any Such Statements [**Doc. 91**] and Defendant Asim Qureshi's Motion for Disclosure of Codefendants' Statements and Other Co-conspirators' Statements and to Determine Whether Those Statements Are Admissible [**Doc. 100**] are **GRANTED in part** in that the Government must disclose any statements of co-conspirators that it intends to use at trial *three weeks* prior to the trial and is **DENIED in all other respects**.

(4) Defendant Asim Qureshi's Motion for a Bill of Particulars [**Doc. 96**] is **DENIED**;

(5) Defendant Ashim Qureshi's Motion to Sever his Case from the Other Twelve Codefendants [**Doc. 98**] is **DENIED**;

(6) Defendant Asim Qureshi's Motion for Pretrial Notice of Government's Intent to Use Evidence [**Doc. 102**] is **DENIED**;

(7) Defendant Asim Qureshi's Motion for Pretrial Notice of the Government's Intent to Use Evidence Pursuant to Fed. R. Evid. 404(b), 608, and/or 609 [**Doc. 103**] is **GRANTED in part** in that the Government must give notice of the general nature of any Rule 404(b)-type evidence it intends to use at trial **fifteen days** before trial. The motion is DENIED in all other respects;

(8) The deadline for **all Defendants** to file motions *in limine* relating to Rule 404(b)-type of evidence is **July 9, 2012**. All other motions *in limine* must be filed by **July 2, 2012**.

**IT IS SO ORDERED.**

ENTER:


   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge